|  |
|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP<br>Joseph L. Schwartz, Esq. (JL-5525)<br>J. Alex Kress, Esq. (JK-7189)<br>Headquarters Plaza<br>One Speedwell Avenue<br>Morristown, New Jersey 07962<br>(973) 538-0800<br>Counsel to the Debtors |
| In re:<br><br>CECERE ASSOCIATES, L.L.C. and CECERE REALTY ASSOC., LLC,<br><br>                                       Debtors. |
| CECERE ASSOCIATES, L.L.C. and CECERE REALTY ASSOC., LLC,<br><br>                                       Plaintiffs,<br><br>vs.<br><br>PFI, INC., t/a NORTHWEST PETROLEUM,<br><br>                                       Defendant. |

Chapter 11

Hon. Donald H. Steckroth, U.S.B.J.

Jointly Administered Under Case No. 09-30759 (DHS)

Adv. Pro. No. 09-02311 (DHS)

**Order Filed on 12/21/2009 by Clerk U.S. Bankruptcy Court District of New Jersey**

**CONSENT ORDER (i) RESOLVING ADVERSARY PROCEEDING, (ii) FIXING LIENS OF PFI, INC./NORTHWEST PETROLEUM, (iii) ESTABLISHING CARVE OUT/ESTATE CONSIDERATION, AND (iv) GRANTING OTHER RELATED RELIEF**

Based on the subjoined consent of counsel to the plaintiffs and defendant, and for good cause shown, the relief set forth in paragraphs 1 to 8 on the following pages, numbered three (3) through five (5), is hereby **ORDERED.**

*/s/ Donald H. Steckroth*
Honorable Donald H. Steckroth
United States Bankruptcy Judge

**DATED: 12/21/2009**

| | |
|---|---|
| Debtors: | Cecere Associates, LLC and Cecere Realty Associates, LLC |
| Bankr.& Adv. Nos: | 09-30759 (Jointly Administered) & 09-02311 |
| Caption of Order: | CONSENT ORDER (i) RESOLVING ADVERSARY PROCEEDING, (ii) FIXING LIENS OF PFI, INC./NORTHWEST PETROLEUM, (iii) ESTABLISHING CARVE OUT/ESTATE CONSIDERATION, AND (iv) GRANTING OTHER RELATED RELIEF |
| Page: | 2 of 5 |

THIS MATTER having been opened to the Court on the subjoined consent of counsel to the plaintiffs, debtors, and debtors-in-possession herein, Cecere Associates, L.L.C. and Cecere Realty Associates, LLC (together, the "Debtors"), and counsel to the defendant herein, PFI, Inc./Northwest Petroleum ("PFI"), to resolve (i) the issues raised in the above-captioned adversary proceeding, (ii) certain of PFI's objections to (A) the entry of an order pursuant to sections 105 and 363 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") establishing and approving bidding procedures (the "Bidding Procedures") with respect to the sale of the Debtors' real property located at 651 Myrtle Avenue (Block 72.01, Lot 1), Boonton Township, Morris County, New Jersey (the "Real Property") and certain other assets (collectively, the "Sale Assets") free and clear of liens, claims, encumbrances and interests and (B) the entry of an order at a further hearing (the "Sale Hearing") to approve the sale of the Debtors' real property and certain other assets free and clear of all liens, claims, encumbrances and interests pursuant to Bankruptcy Code Section 363 (collectively, the "Sale Motion") and (iii) PFI's Cross-Motion to the Sale Motion seeking adequate protection and relief from the automatic stay imposed by 11 U.S.C. § 362(a) (the "Stay Relief Motion"); and after due deliberation and sufficient cause appearing therefore:

IT IS HEREBY ORDERED THAT:

1. PFI's objections to the Bidding Procedures and PFI's Stay Relief Motion be, and hereby are, WITHDRAWN, provided, however, that PFI shall retain the right to file a subsequent motion for relief from the automatic stay subject to the terms of this Consent Order.

*Approved by Judge Donald H. Steckroth December 21, 2009*

| | |
|---|---|
| Debtors: | Cecere Associates, LLC and Cecere Realty Associates, LLC |
| Bankr.& Adv. Nos: | 09-30759 (Jointly Administered) & 09-02311 |
| Caption of Order: | CONSENT ORDER (i) RESOLVING ADVERSARY PROCEEDING, (ii) FIXING LIENS OF PFI, INC./NORTHWEST PETROLEUM, (iii) ESTABLISHING CARVE OUT/ESTATE CONSIDERATION, AND (iv) GRANTING OTHER RELATED RELIEF |
| Page: | 3 of 5 |

2. PFI shall retain First Environment as its consultant to undertake a Phase I, Phase II and preliminary assessment, including without limitation to test underground storage tank and product line tightness and to conduct venting and Vapor Recovery Pressure Tests, of the Real Property (the "Investigation") and to make the results of such Investigation available to the Debtors, PFI and, subject to an mutually-acceptable confidentiality agreement, any other party wishing to make a bid to purchase the Sale Assets.

3. PFI shall pay the costs of the Investigation, which costs shall be added to PFI's allowed secured claim as provided in paragraph 4 of this Consent Order. To the extent PFI chooses to retain any other consultants in connection with the Investigation, it shall do so at its own cost and expense, which cost and expense shall not be part of PFI's allowed secured claim.

4. PFI be, and hereby is, ALLOWED a secured claim of $550,000, plus the costs of the Investigation, presently estimated at between $15,000 and $23,000.00 (together, the "Allowed Secured Claim"), for all purposes, including without limitation to credit bid for the sale of the Real Property and/or the Sale Assets, for the purposes of distribution in this case if PFI is not the successful bidder for the Real Property, and in any subsequent state proceeding or foreclosure action outside of bankruptcy.

5. Payment of PFI's Allowed Secured Claim, or PFI's receipt of the Sale Assets by credit bid or otherwise, shall be in full and final satisfaction of all of PFI's claims against the Debtors, their principals, and the Debtors' bankruptcy estates. Accordingly, PFI shall not pursue any state court litigation arising from or relating to its claims against the

*Approved by Judge Donald H. Steckroth December 21, 2009*

Case 09-02311-DHS    Doc 9    Filed 12/21/09    Entered 12/21/09 11:16:51    Desc Main
Document    Page 4 of 5

| | |
|---|---|
| Debtors: | Cecere Associates, LLC and Cecere Realty Associates, LLC |
| Bankr.& Adv. Nos: | 09-30759 (Jointly Administered) & 09-02311 |
| Caption of Order: | CONSENT ORDER (i) RESOLVING ADVERSARY PROCEEDING, (ii) FIXING LIENS OF PFI, INC./NORTHWEST PETROLEUM, (iii) ESTABLISHING CARVE OUT/ESTATE CONSIDERATION, AND (iv) GRANTING OTHER RELATED RELIEF |
| Page: | 4 of 5 |

Debtors or any guarantors of its claims against the Debtors and shall take all necessary steps to dismiss its pending state court action against the Debtors' principals.

6.    If PFI, any "insider" of PFI (as that term is defined in 11 U.S.C. § 101(31) as if PFI were the debtor), or any other designee party related to PFI, acquires any of the Sale Assets directly or indirectly, either by way of credit bid, by foreclosure, by acquiring any other lien or claim against the Debtors, or otherwise, PFI shall, in addition to satisfying the prior liens against the Debtors for real estate taxes (which the Debtors represent that they have been advised totaled $53,375 as of November 12, 2009) and the lien of Landmark, as assignee of Wachovia Bank (which the foreclosure judgment obtained by Landmark on August 7, 2009 provides was $253,738.27 as of August 7, 2009), plus, in each case, any court-allowed interest, attorneys' fees and costs accruing after the date such amounts are set forth in this clause, through the date of the closing (collectively, the "Prior Liens"), pay the Debtors' estates an additional total of $125,000 (the "Estate Consideration"), which funds shall be in the nature of a carveout and shall be unencumbered.  Additionally, to the extent that, a third-party (i.e., a party unrelated to PFI), acquires the Sale Assets and the proceeds of the sale are less than the total of PFI's Allowed Secured Claim, the Prior Liens and the Estate Consideration (the "Necessary Amount"), PFI's distribution from the sale shall be reduced by the difference between the Necessary Amount and the sale proceeds, provided that in no event shall (i) the reduction of PFI's distribution on account of the Allowed Secured Claim exceed $125,000.00 and (ii) PFI be required to pay any or all of the Estate Consideration if the sale proceeds are less than the Prior Liens.  The Estate Consideration shall be the sole basis for the Debtors, their principals, and/or

*Approved by Judge Donald H. Steckroth December 21, 2009*

| | |
|---|---|
| Debtors: | Cecere Associates, LLC and Cecere Realty Associates, LLC |
| Bankr.& Adv. Nos: | 09-30759 (Jointly Administered) & 09-02311 |
| Caption of Order: | CONSENT ORDER (i) RESOLVING ADVERSARY PROCEEDING, (ii) FIXING LIENS OF PFI, INC./NORTHWEST PETROLEUM, (iii) ESTABLISHING CARVE OUT/ESTATE CONSIDERATION, AND (iv) GRANTING OTHER RELATED RELIEF |
| Page: | 5 of 5 |

the Bankruptcy Estate to recover any additional consideration from PFI, under § 506 of the Bankruptcy Code or any other basis, but shall be in addition to, and without prejudice to, the Debtors' receipt of a carveout from any other prior lienholder.

7. This Order shall fully resolve all issues in the above-captioned adversary proceeding which shall be, and hereby is, DISMISSED, with prejudice, and without costs.

8. Counsel to the Debtors shall serve a copy of this order on all creditors and parties-in-interest within ___ days of its receipt of an entered copy of the order.

We hereby consent to the
form and entry of the within Order:

| | |
|---|---|
| RIKER DANZIG SCHERER<br>  HYLAND & PERRETTI, LLP<br>Attorneys for Cecere Associates, L.L.C.<br>and Cecere Realty Assoc., LLC | WOLFF & SAMSON, PC<br>Attorneys for PFI, Inc., t/a Northwest Petroleum |
| By: /s/   J. Alex Kress<br>     Joseph L. Schwartz, Esq.<br>     J. Alex Kress, Esq. | By: /s/   Robert E. Nies<br>     Robert E. Nies, Esq. |

3994545.2

*Approved by Judge Donald H. Steckroth December 21, 2009*